CELIA OLMEDO WOODS, Plaintiff and Appellee, v. ROMUALDO RIVERA ET AL., Defendants and Appellants.

No. 8363.   Argued November 10, 1941.—Decided November 17, 1941.

*E. Martínez Rivera* for appellants. *Miguel Olmedo* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

The facts giving rise to this case are as follows:

On July 14, 1938, Celia Olmedo brought suit against her former husband, Romualdo Rivera, and Pablo Meléndez and Philip El Koury, to annul a judgment obtained by Meléndez against Rivera in an action upon a promissory note, and a sale of real property made in execution of the judgment rendered against Rivera. The alleged grounds for nullity were: (*a*) that as the conjugal partnership of Celia Olmedo and Romualdo Rivera had been dissolved prior to the bringing of the action against Rivera no community property could be sold to satisfy the judgment without making the wife a party defendant, which was not done; (*b*) that the note the object of the action against Rivera was simulated; and (*c*) that the action brought was the result of a conspiracy among the three defendants to defraud Celia Olmedo of a one-half interest belonging to her in the property judicially sold which was awarded to defendant El Koury. On December 30, 1938, the District Court of San Juan rendered judgment dismissing the complaint. The plaintiff took an appeal. Upon the refusal of the lower court to approve the statement of the case submitted by the appellant, the latter applied to us and requested our approval of said statement of the case. On December 18, 1940, this court decided not to approve the statement of the case but reserved to the plaintiff-appellant the right to apply to the lower court for a new trial. The latter was timely requested and the lower court granted it by an order entered on April 3, 1941. The defendants appealed from the order granting the new trial

and also from another order made on the same date whereby the registrar of property was instructed to reinstate the notice of *lis pendens* that had been canceled by an order of the same court. On April 21, 1941, the lower court allowed the stenographer 20 days for the preparation of the transcript of the evidence. At the request of the stenographer, without any reason being advanced by the latter therefor, the lower court allowed five extensions of thirty days each and when granting the last one on September 17, 1941, it declared "that no further extensions would be granted unless on grounds which the court considers justified." Subsequently, the lower court has further extended the time on the alleged ground that the stenographer who took the stenographic notes at the hearing of the motion for a new trial was sick.

In her opposition to the granting of new extensions and in her present motion to dismiss this appeal on the grounds that the case is frivolous and has not been diligently prosecuted, the appellee insistently maintains that there is no evidence to be transcribed and that at the hearing of the motion for a new trial there were submitted to the consideration of the court the papers contained in the record of the case without any oral evidence being taken, and that the papers in question may be copied by any typist in very few hours, it being unnecessary, therefore, to wait for the stenographer to do so when he recovers.

We think that a dismissal of the appeal lies as being frivolous and as having been taken for the purpose of delaying and obstructing the hearing of the case on the merits.

In the order granting the new trial the lower court said:

"It remains for us to consider whether the plaintiff has presented to us a case with sufficient merits to justify the granting of a new trial. We have before us only the pleadings, the motion for a new trial, part of the documentary evidence, and a partial transcript of the evidence for the defendants. A reading of the testimony of defendants Meléndez and Rivera (defendant El Koury failed to testify) and of the opinion of the court is sufficient to indicate that the plain-

tiff might well have obtained a reversal of the judgment by the Supreme Court and, therefore, *as an appeal to the Supreme Court can not possibly be had,* the plaintiff should be given the opportunity of a new trial. Moreover, it appears from the pleadings that, even in the absence of fraud or simulation, the judicial sale to El-Koury is void in so far as it might affect the interests of the plaintiff, inasmuch as she was not a party to the action prosecuted by Meléndez, nor could Rivera represent either her or the conjugal partnership which had been dissolved previoulsy as a result of the divorce of the spouses.'' (Italics ours.)

The essential reason which this court had for reserving to Celia Olmedo the right to apply to the lower court for a new trial was that, as two stenographers had acted at the trial and as each of them had taken down a different part of the evidence, the death of one of the stenographers, without being able to transcribe his notes, made it absolutely impossible for the appellant to file the transcript of the evidence required for perfecting her appeal. The appellant did everything in her power under the circumstances. She secured a transcript of such part of the evidence as was taken by the surviving stenographer, and prepared a statement of the case which she submitted for approval to one of the judges of the lower court who refused to approve the same. This Supreme Court likewise refused to approve it; but, as it considered that it would be unjust to deprive the appellant of the right which the law grants to every party to have a judgment rendered against such party reviewed on appeal by this court, it reserved to her the right to apply to the lower court for a new trial.

As we have seen, the lower court thought that the documentary evidence and the partial transcript of the evidence submitted to it were sufficient "to indicate that the plaintiff might well have obtained a reversal of the judgment by the Supreme Court." Even though an examination of the transcribed portion of the evidence submitted to the lower court were to compel us to differ from its opinion as to the suffi-

ciency thereof, we would always be confronted with the un-surmountable obstacle of the lack of the remaining portion which, if available, might be sufficient to lead us to the conclusion that the court below erred in dismissing the complaint. It was the absolute impossibility of reproducing such evidence that induced us to reserve to the plaintiff the only course available to her in order to have her day in court: a new trial.

We are of opinion that the lower court did not err in granting the new trial and that, as such alleged error is the basis of the present appeal, the same should be dismissed as frivolous.

Mr. Justice Todd, Jr., took no part in the decision of this case.